IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ILLYA N. WATKINS

     Plaintiff,             No. CIV S-06-786 DFL CMK P

     vs.

B. PUHL, et al.,             <u>ORDER AND</u>

     Defendants.       <u>FINDINGS & RECOMMENDATIONS</u>

_____/

     Plaintiff is a state prison inmate who has filed this civil rights action together with a request to proceed in forma pauperis. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21).

     Examination of the in forma pauperis affidavit reveals that plaintiff is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. <u>See</u> 28 U.S.C. § 1915(a).

     The crux of plaintiff's complaint is that an arson charge on his "jacket" is keeping him from being eligible to serve his time at a Department of Corrections fire camp. Plaintiff states that, at the onset of his incarceration, he was placed in North Kern State Prison, which is a "reception prison" that determines inmates security status and endorses inmates to "parent" prisons. (Complaint at 6, ¶ 8.) Plaintiff was endorsed to be placed in a fire camp. However, the

1

Corrections Center's Unit Classification Committee stayed plaintiff's fire camp placement pending receipt of plaintiff's July 4, 1988 police report, which charged that plaintiff had used an explosive device. The use of an explosive device in plaintiff's arrest history apparently precludes him from being eligible for placement in a fire camp. Plaintiff alleges that he has appealed his denial of eligibility and states that he has tried numerous times to obtain a copy of the police report for defense/appeal purposes. Plaintiff alleges that he is not precluded from placement in a fire camp because the police report references "sky rockets" which do not meet the Department of Corrections' definition of explosive device.

Plaintiff seeks, among other things, to have the "arson lifted off his jacket" and an order directing the Department of Corrections to make plaintiff eligible for fire camp. He alleges that the Department of Corrections' failure to find him eligible for fire camp violates his Fourth, Eighth and Fourteenth Amendment rights.

In order to establish a Fourth Amendment violation, a prisoner must establish that he has been subjected to an unreasonable search and seizure. See Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997). Here, plaintiff has made no allegation that he has been subject to an unreasonable search or seizure. The court finds that plaintiff's allegations concerning classification and denial of eligibility for fire camp fail to state a Fourth Amendment claim upon which relief may be granted.

In order to establish an Eighth Amendment violation a prisoner must demonstrate that he has been subjected to a cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). The treatment that a prisoner receives in prison and the conditions under which the prisoner is held are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). Conditions of confinement may be harsh, but prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). The Eighth Amendment is not a mandate for broad prison reform or excessive judicial involvement in prison matters.

1 See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

2     Here, plaintiff makes no allegation that he has been denied food, clothing, shelter, sanitation, medical care or personal safety.  Instead, plaintiff's only complaint is that due to his arrest for having an explosive device that he is not eligible for fire camp.  The court finds that plaintiff's allegations concerning his classification and denial of eligibility for fire camp fail to state an Eighth Amendment Claim upon which relief may be granted.

7     To establish a Fourteenth Amendment claim, a prisoner must demonstrate violation of a protected interest.  Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another.  See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Nor does an inmate have a constitutional right to any particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment.  See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  See Sandin v. Conner, 515 U.S. 472, 483 (1995). Inmates have no federal constitutional right to particular procedures established by state law.  See Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986).  On the basis of these authorities, the court finds that plaintiff's allegations concerning classification and denial of eligibility for fire camp fail to state a Fourteenth Amendment claim upon which relief may be granted.

25    Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $0.03. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

IT IS RECOMMENDED that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

4